UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher West, #183479,<br>*a/k/a Christopher Gearl West*, | )<br>)<br>) | C/A No. 5:13-3088-DCN-KDW |
| Plaintiff, | )<br>) | Report and Recommendation |
| vs. | )<br>) | |
| Director William R. Byars, Jr.; Warden Timothy Riley; Assoc/Warden Gary Lane; Assoc/Warden Laura Caldwell; Chief of Grievance Branch, Ann Hallma; Division of Investigation, Debra Barnwell; Institution Investigator, Donald Lane; Grievance Coordinator, Joy Lecompt; Major James Parrish; Captain Barry Tucker; Lieutenant Russell Lawson; Lieutenant Lawrence Lavigne; Sergeant Kevin Williams; Sergeant Shannon Moore; Officer Jamie Parris; Nurse Tammie Barbour; Nurse Debra Parks; Media Specialist Mary H. McCabe; in their individual and official capacity as corrections employees, under color of state law, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. As Plaintiff has failed to state a claim upon which relief may be granted against Defendants Sergeant Shannon Moore and Director William R. Byars, Jr., those defendants should be summarily dismissed.

Pro Se and *in Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc).

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*; Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5. Even under this less stringent standard, however, the pro se Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995)

Discussion

Plaintiff is an inmate at Allendale Correctional Institution in Fairfax, South Carolina. The Complaint in this case is confusing, as it alleges constitutional violations at numerous dates in more that one facility, and it is not always clear to which incident Plaintiff is referring. The Complaint

alleges deprivation of legal mail; deprivation of access to courts; deliberate indifference to serious medical needs; and repeated instances of cruel and unusual punishment. More broadly, Plaintiff alleges that much of the abuse he has suffered was in retaliation for filing grievances or previous lawsuits, and that Defendants have conspired to cover up his grievances so that he cannot get any relief through that system, allowing abuses to continue. He names almost every Defendant as a player in a conspiracy to hide the wrongs done to him, in order to allow the abuse to continue.

Plaintiff files this case pursuant to 42 U.S.C § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Other than listing Sergeant Shannon Moore in the caption of his Complaint, Plaintiff makes no allegations against him or her within the Complaint. Because Plaintiff has made no allegation of a deprivation of civil rights as to this Defendant, he has failed to state a claim upon which relief may be granted against this defendant, and Sergeant Shannon Moore should be summarily dismissed as a Defendant in this case.

The Complaint appears to list Director William R. Byars, Jr. only by virtue of his position as Director of SCDC. The Complaint seeks "(an) injunction ordering Defendant William Byars the

3

director of SCDC to stop allowing correctional staff officers to manipulate acts through [policies] to fabricate or spuriously use to abuse as plaintiff describes in statement of facts . . . ." Compl. 14. The doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977); *see Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the subordinate's actions that violated constitutional rights. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Here, Plaintiff's Complaint makes no factual allegations against Defendant Byars to indicate his authorization or indifference to alleged violations of Plaintiff's constitutional rights. Defendant Byars cannot be held liable under § 1983 as a supervisor in this case; he should be dismissed as a party in this case.

## Recommendation

Accordingly, it is recommended that the District Court dismiss Defendants Byars and Moore *without prejudice* and without issuance and service of process as to those Defendants. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Todd v. Baskerville*; 28 U.S.C. § 1915(e)(2)(B)(ii); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

*[signature]*

March 11, 2014
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).