UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher West, ) | C/A No. 5:13-cv-03088-DCN-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Director William R. Byars, Jr.; Warden ) | |
| Timothy Riley; Associate Warden Gary Lane; ) | |
| Associate Warden Laura Caldwell; Ann Hallman; ) | |
| Debra Barnwell; Donald Lane; Joy Lecompt; ) | |
| Major James Parrish; Captain Barry Tucker; ) | |
| Lieutenant Lawrence Lavigne; Sergeant Kevin ) | |
| Williams; Sergeant Shannon Moore; Officer James ) | |
| Parris; Nurse Tammie Barbour; Nurse Debra Parks; ) | |
| Media Specialist Mary H McCabe; Sergeant Keith ) | |
| Brian Williams, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on Plaintiff's Motion for Recusal filed on January 26, 2015. ECF No. 141. Defendants responded to Plaintiff's Motion on February 12, 2015, ECF No. 142, and Plaintiff's Motion is now ripe for review.

In his Motion for Recusal, ECF No. 141, Petitioner contends that the undersigned violated court rules when granting Defendants' Motion for an Extension, ECF No. 137, without giving Plaintiff the opportunity to contest the Motion. Plaintiff also maintains the undersigned did not grant his Motion for an extension for discovery. *Id.*

A judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In addition, a judge must disqualify him or herself "[w]here he has a personal bias ... concerning a party...." *Id.* § 455(b)(1). The Fourth Circuit has ruled that

"a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

The undersigned has reviewed Plaintiff's allegations supporting his Motion for Recusal and finds them to be meritless. In their extension request, filed January 7, 2015, Defendants moved for a thirty-day extension to file their dispositive motion which the court granted. ECF Nos. 137, 138. In a previous order the court granted Defendants an extension to file dispositive motions but denied Defendants' request to extend discovery. *See* ECF No. 131. Previously, the court granted two of Plaintiff's Motions for an extension of time to complete discovery. *See* ECF No. 106, 112, 116, 117. On August 4, 2014, the court indicated to both parties that no further extensions would be granted with respect to discovery deadlines. ECF No. 117. Therefore, on September 11, 2014, the court denied Plaintiff's third motion for an extension on discovery. *See* ECF Nos. 124, 125. Moreover, in most circumstances, the undersigned grants motions for reasonable extensions to both sides upon request. The court has reviewed Plaintiff's allegations supporting his motion for recusal finds them to be meritless. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008). Accordingly, Plaintiff's Motion for Recusal, ECF No. 141, **is denied**.

IT IS SO ORDERED.

July 23, 2015                                                                    Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge